J-S33005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE HARVEY | : | |
| | : | |
| Appellant | : | No. 1473 EDA 2019 |

Appeal from the PCRA Order Entered April 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0703051-1983

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 28, 2020**

Appellant, Andre Harvey, appeals from the April 15, 2019 Order that dismissed as untimely his fifth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant fails to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's dismissal.

**FACTUAL AND PROCEDURAL HISTORY**

A previous panel of this Court summarized the underlying facts as follows:

Appellant, Russell Williams, and Howard White shot and killed Fred Rainey on October 27, 1982. The victim suffered four gunshot wounds. Four eyewitnesses testified to the events, two of whom identified Appellant, including Charles Atwell. Mr. Atwell also testified that Appellant and Williams attempted to shoot him two weeks after the incident. **Mr. Atwell's involvement has been**

_____

[*] Former Justice specially assigned to the Superior Court.

> **the subject of Appellant's direct appeal, and all of his PCRA petitions[.]**
>
> Mr. Atwell was arrested and charged with aggravated assault on an unrelated matter on May 17, 1983. **The prosecuting attorney on that matter was Assistant District Attorney John Flannery [("ADA Flannery")], who also testified at Appellant's trial, and signed a criminal complaint for Appellant in this matter.**
>
> While in custody, Mr. Atwell provided a statement that identified Appellant and his co-defendants as the shooters. Ultimately, the charges against Mr. Atwell were *nolle prossed* on December 12, 1983, before Appellant's trial.
>
> [Appellant and his two] co-defendants proceeded to a jury trial on March 28, 1984. The court declared a mistrial after Mr. Atwell indicated that the men were drug dealers. A second trial began on April 23, 1984. The evidence established that the three men drove to the corner of 27th and Oxford Street, Philadelphia, in a blue Gremlin, argued with the victim, and shot the victim.

*Commonwealth v. Harvey*, No. 2217 EDA 2013, unpublished memorandum at *1 (Pa. Super. filed Sept. 12, 2014) (paragraph breaks and emphasis added).

On May 8, 1984, a jury found Appellant guilty of Murder of the First Degree and related charges. On February 3, 1987, after denying Post-Verdict Motions, the court sentenced Appellant to an aggregate sentence of life imprisonment without the possibility of parole.

On August 31, 1987, this Court affirmed Appellant's Judgment of Sentence, and our Supreme Court denied allowance of appeal on September 12, 1990. *See Commonwealth v. Harvey*, 534 A.2d 130 (Pa. Super. 1987), *appeal denied*, 584 A.2d 313 (Pa. 1990). Appellant did not seek further review of his Judgment of Sentence, which, thus, became final on December 11,

1990. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

**Prior PCRA Petitions**

Appellant subsequently filed four PCRA Petitions, none of which garnered relief. Relevant here, Appellant asserted in his second PCRA Petition that the Commonwealth arranged for Mr. Atwell to have conjugal visits with his girlfriend in exchange for false testimony against Appellant. After an evidentiary hearing, the PCRA court dismissed the Petition. *See **Commonwealth v. Harvey***, 760 A.2d 427 (Pa. Super. 2000), *appeal denied*, 764 A.2d 49 (Pa. 2000).

In Appellant's fourth PCRA Petition, filed *pro se* on June 13, 2011, and amended by counsel on March 2, 2012, Appellant claimed that he learned in April 2011 that ADA Flannery, who prosecuted Mr. Atwell's case, was the affiant on the criminal Complaint filed against Appellant on June 7, 1983. According to Appellant, this "newly discovered" fact indicated that ADA Flannery perjured himself at Appellant's trial when ADA Flannery testified that (1) the Commonwealth did not give Mr. Atwell special consideration for his testimony against Appellant; and (2) he had no other contact with Mr. Atwell's case other than representing the Commonwealth at the final listing when Mr. Atwell's case was *nolle prossed*. Amended PCRA Petition, 3/2/12, at ¶¶ 12, 13. The PCRA Court filed a Pa.R.Crim.P. 907 Notice and dismissed the Petition after consideration of Appellant's response, concluding that because Mr. Atwell's criminal Complaint had been in the public record since June 1983,

- 3 -

Appellant failed to plead and prove a permitted exception to the PCRA time-bar. ***See Commonwealth v. Harvey***, 107 A.3d 224 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015).

**Fifth PCRA Petition**

On October 26, 2015, Appellant filed the instant *pro se* PCRA Petition, once again seeking collateral relief because ADA Flannery signed Mr. Atwell's criminal complaint. PCRA Pet., 10/26/15, at ¶ 2, 14. Appellant averred that the PCRA court had jurisdiction to entertain his untimely Petition based on a newly decided Pennsylvania Superior Court Case, ***Commonwealth v. Burton***, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*),[1] which held that *pro se* prisoners filing an untimely PCRA petition cannot be presumed to have access to information in the public domain. ***Id***. Appellant averred that the PCRA court erred in dismissing his fourth PCRA Petition due to this "change in the law." ***Id.***

On October 18, 2016, the PCRA court filed a Rule 907 Notice to Dismiss Appellant's Petition without a hearing. On November 7, 2016, Appellant filed a counseled Response and, after the court granted several extensions for further investigation, Appellant filed a counseled Amended PCRA Petition on February 9, 2017, and a Supplemental PCRA Petition on August 7, 2017.

**Amended Petition**

---

[1] Our Supreme Court later affirmed this case. ***See Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017).

In the Amended Petition, Appellant averred that additional witnesses came forward to support the claim that Appellant had pleaded in his **second** PCRA Petition, *i.e.*, that Mr. Atwell received conjugal visits while in custody in exchange for false testimony against Appellant. Amended PCRA Petition, 2/9/17, at 12-13. In support, Appellant attached statements from Emanuel Claitt and Robert Mickens, each declaring that, in exchange for conjugal visits during their incarcerations, they testified falsely against an unrelated defendant in an unrelated 1985 murder trial.[2] *Id*. at Exhibits A, B.

Appellant also attached a signed statement from Craig Jackson stating that, around the time of Appellant's trial, Mr. Atwell told him that Detective Gerrard gave Mr. Atwell a deal and allowed him to see his girlfriend twice a month. *Id*. at Exhibit D. Mr. Jackson also asserted that he had overheard a conversation between his friend, Marlon Banks, and Appellant's trial counsel, Barry Denker, Esq., where Attorney Denker told Mr. Banks he had a conflict of interest in representing Appellant. *Id*.

**Supplemental Petition**

In the Supplemental Petition, Appellant averred additional information to support the claim he had raised in his **fourth** PCRA Petition, *i.e.*, that ADA

---

[2] Mr. Claitt stated that ADA Barbara Christie and Detectives Gerrard and Gilbert—the same Detectives in Appellant's case—arranged for him to have conjugal visits with his four girlfriends while Mr. Mickens stated that ADA Christie, Detective Cimino, and Detective McNeshy arranged for him to have conjugal visits with his girlfriend at the time. Amended PCRA Petition, 2/9/17, at Exhibits A, B.

Flannery had committed perjury at Appellant's trial. In support, Appellant attached signed statements from Appellant's childhood friend James Mitchell. Mr. Mitchell, who was Mr. Atwell's victim and the complaining witness, asserted in his signed statement that he had made a deal with Mr. Atwell's family not to testify against Mr. Atwell in exchange for Mr. Atwell not testifying against Appellant. *See* Supplemental Petition, 8/7/17, Exhibit E. (stating: "[Mr. Atwell] was supposed to get off and [Appellant] was supposed to get off, but that is not what happened."). Mr. Mitchell also averred that an ADA and Mr. Atwell's attorney advised Mr. Mitchell to sign an affidavit recanting his preliminary hearing testimony. *Id*.

### Evidentiary Hearing

On April 15, 2019, the PCRA court held an evidentiary hearing at which Mr. Mitchell testified for Appellant. The Commonwealth presented testimony from Robert Jovanov, Esq., an attorney with the Defender Association of Philadelphia, and John Flannery, Esq., former ADA in the Philadelphia District Attorney's Office.

In sum, Mr. Mitchell testified that Mr. Atwell shot him in 1983, but Mr. Atwell's family members told him that if he would withdraw the charges against Mr. Atwell, Mr. Atwell would refuse to testify as a witness against Appellant. Mr. Mitchell further testified that (1) his own family members wanted him to drop the charges out of fear of retaliation; (2) he informed an ADA that he wanted to drop the charges; (3) an ADA and Mr. Atwell's attorney told him to sign an affidavit; (4) he signed an affidavit but did not remember

who prepared it; and (5) he could not remember the name of the ADA. N.T. Hearing, 4/15/19, at 7-53.

Attorney Jovanov testified that he has been an attorney with the Defender Association of Philadelphia since 1974. He confirmed that his name was on an investigative report interviewing Mr. Mitchell in 1983, but stated that he had no independent recollection of the case. He also testified that during the course of his career he never collaborated with the District Attorney's office to have a witness recant their testimony. *Id*. at 72-75.

Attorney Flannery testified that he was an ADA from approximately 1977-1989 and he was in the charging unit in June 1983, where he would work twelve-hour shifts charging hundreds of cases a day. He testified that for murder cases his bosses would review the affidavit of probable cause and instruct him whether to sign the complaint; and he "would not have known" who the witnesses were in any given case in which he signed the complaint. *Id*. at 78-82.

Attorney Flannery also testified that he was the ADA that handled Mr. Atwell's case during the December 12, 1983 listing when the case was *nolle prossed* but that he had not handled the case at any previous listings. *Id*. at 84. Attorney Flannery explained that markings on Mr. Atwell's file indicated that the court had listed the case as "must be tried," the complaining witness failed to appear despite the Commonwealth's attempts to contact him, and the court forced the Commonwealth to *nolle prosse* Mr. Atwell's case. *Id*. at

85-86. Finally, Attorney Flannery testified that over the course of his career he never asked a witness to recant testimony as part of a deal. *Id*. at 89.

At the end of the hearing, the PCRA court found that "there is no basis under the law to even establish the timeliness let alone the substantive nature" of Appellant's PCRA Petition. *Id*. at 128. The court, thus, dismissed the Petition as untimely.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court declined to file a Rule 1925(a) Opinion.

**ISSUES RAISED ON APPEAL**

Appellant raises the following issues on appeal:

I.    Did the [c]ourt below err in concluding that [Appellant] failed to demonstrate a timeliness exception under [42 Pa.C.S. § 9545(b)(1)(iii)]?

II.   Did the [c]ourt below err in concluding that Petitioner failed to demonstrate a timeliness exception under [42 Pa.C.S. § 9545(b)(1)(ii)]?

III.  Did the [c]ourt below err in rejecting [Mr.] Mitchell's testimony and crediting former [ADA] Flannery's testimony based on the court's personal experiences in the District Attorney's office?

IV.   Did the [c]ourt below [err] in restricting the scope of the evidentiary hearing and discovery?

Appellant's Br. at 2-3.

**LEGAL ANALYSIS**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This

Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed approximately twenty-five years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days the claim could have been presented.[3] 42 Pa.C.S § 9545(b)(2). Instantly, Appellant attempts to invoke the newly discovered fact and newly recognized constitutional right exceptions to the PCRA time-bar. **Id**. at (b)(1)(ii), (iii). His attempts fail.

### Section 9545(b)(1)(ii) – Newly Discovered Facts Exception

---

[3] **See** 42 Pa.C.S § 9545(b)(2). Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

With the affidavits of Mr. Claitt, Mr. Mickens, Mr. Jackson, and Mr. Mitchell, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii). To satisfy this exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**." *Id.* at 1272 (internal quotation marks omitted, emphasis in original), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. *Burton*, 121 A.3d at 1071. Moreover, a petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

Notably, a petitioner does not satisfy the Section 9545(b)(1)(ii) time-bar exception where he merely alleges a newly discovered or newly willing source for previously known facts. *Commonwealth v. Marshall*, 947 A.2d 714, 721–22 (Pa. 2008). Our Supreme Court has explained, "[t]he fact [an]

- 10 -

appellant discovered yet another conduit for the same perjury claim does not transform his latest source into evidence falling within the ambit of § 9545(b)(1)(ii)." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1269 (Pa. 2008). Finally, a claim based on inadmissible hearsay does not implicate the newly discovered fact exception to the PCRA time-bar. ***Id.***

Mr. Claitt, Mr. Mickens, and Mr. Jackson's statements, offered to support Appellant's claim that the Commonwealth engaged in a pattern of behavior of arranging conjugal visits in exchange for false testimony, fail to overcome the time-bar. Rather, they are newly willing sources for previously known "facts" that were litigated and dismissed by the PCRA court in proceedings addressing Appellant's second PCRA petition.

Mr. Mitchell's sworn statement and testimony, purporting to support Appellant's claim that former ADA Flannery lied during Appellant's trial when he testified that the Commonwealth did not give Mr. Atwell "a deal" to testify falsely against Appellant, does not even mention former ADA Flannery.[4] In fact, this evidence supports a conclusion that Mr. Atwell's family, rather than the Commonwealth, were involved in brokering a deal for Mr. Atwell.

---

[4] We further note that Appellant's purpose in presenting Mitchell's statement was, in fact, to provide evidence of "another conduit for the same perjury claim" that he raised in his fourth PCRA Petition. ***Abu-Jamal***, 941 A.2d at 1269.

Accordingly, the trial court did not abuse its discretion in concluding that this claim fails to meet the timeliness exception to the PCRA's time-bar.

Finally, Mr. Jackson's claim that he overheard a conversation where Attorney Denker stated that he had a conflict of interest representing Appellant is inadmissible hearsay[5] that fails to overcome the PCRA time-bar.

**Section 9545(b)(1)(iii) – Newly Recognized Constitutional Right Exception**

Appellant also argues that the *Burton* decision establishes an exception to the PCRA time-bar under Section 9545(b)(1)(iii). Appellant's Br. at 19-20. However, this Court held in *Commonwealth v. Kretchmar*, 189 A.3d 459, 464 (Pa. Super. 2018), that *Burton* did **not** create a newly recognized "constitutional right" that the Supreme Court of the United States or the Supreme Court of Pennsylvania has held "to apply retroactively" as required by the Section 9545(b)(1)(iii) time-bar exception.[6] Accordingly, Appellant's attempt to use *Burton* to overcome the PCRA time-bar fails.

**CONCLUSION**

The PCRA court properly dismissed Appellant's Petition. Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness

---

[5] **"**Hearsay is an out-of-court statement offered to prove the truth of the matter asserted." *Commonwealth v. Puksar*, 740 A.2d 219, 225 (Pa. 1999).

[6] In addition, our Supreme Court has unequivocally held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011).

exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of PCRA relief.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>*10/28/2020*</u>